UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

VINCENZO LOPES and BARBARA
CARRARO-JULES
               Plaintiffs,

    -against-
CITY OF NEW YORK and OFFICE OF
COMPTROLLER OF THE CITY OF
NEW YORK,

            Defendants.

———————————————————————X

File # 22CV

COMPLAINT
Plaintiff Demands Trial
By Jury

The plaintiffs, by their attorney, JAY M. WEINSTEIN, complaining of the defendants, set

forth, upon information and belief as follows:

## JURISDICTION AND VENUE

1. The plaintiffs asserts that this Court has jurisdiction over this matter by reason of 42 U.S.C

section 1983 et seq.; Title VII of the Civil Rights Act of 1964; The Equal Protection Clause of

Constitution of the United States, and various other provisions of federal law.

2. The plaintiffs assert ancillary jurisdiction over all non-federal based claims asserted herein

as related to the federal based claims.

3. The causes of action arose within the venue of the United States District Court, Southern

District of New York,

## FACTUAL BACKGROUND

4. The plaintiff, Vincenzo Lopes was and is a domicile of the County of Queens, City and State of New York.

5. The plaintiff, Barbara Carraro-Jules, was and is a domicile of the County of Kings, City and State of New York.

6. The defendant, City of New York was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. The defendant, Office of Comptroller of the City of New York is an agency of the City of New York with its principal place of business located in the County of New York, State of New York.

8. That at all times herein mentioned each plaintiff was an employee of the Office of the Comptroller of the City of New York located at 1 Centre Street, New York, New York.

9. That as a pre-condition to the commencement of this action, the plaintiff Vincenzo Lopes caused to be filed with the Equal Employment Opportunity Commission a complaint under File # 16G-2022-01314

10. That as a pre-condition to the commencement of this action the plaintiff, Barbara Carraro-Jules caused to be filed with the Equal Employment Opportunity Commission a complaint under File # 16GC201250.

11. That on April 6, 2022, The New York State Division of Human Rights dismissed the complaint filed by plaintiff Carraro-Jules on behalf of itself and on behalf of the Equal Opportunity

Employment Commission for Administrative Convenience in order to pursue her remedies in federal court.   (Exhibit "A")

12. On July 14, 2022, the Equal Employment Opportunity Commission dismissed the charges brought by Vincenzo Lopes with a Notice of Right to Sue within 90 days of receipt of the notice. (Exhibit "B).

13.   That this action was commenced within 90 days of the receipt of the Right to Sue letter.

14.   Each plaintiff is a practicing member of the Catholic Church.

15.   At all times herein mentioned each plaintiff was employed within the Bureau of Accountancy at the Office of the Comptroller of the City of New York.

16. That commencing in or about March 2020 a worldwide pandemic occurred as a result of what is known as the COVID-19 virus.

17. That commencing on or about March 13, 2020, each plaintiff was directed to continue to work for the defendants remotely from their homes.

18.   That an alleged vaccine antidote for Covid-19 began to be distributed to the public beginning in or about February 2021.

19. That by reason of their Catholic faith, each plaintiff refused to be vaccinated the Covid-19 vaccine.

20. That each plaintiff continued to work remotely as directed until on or about October 29, 2021.

3

21. That during the above time period each plaintiff was able to perform their required duties on behalf of the defendants.

22.   That in or about October. 2022, the Mayor of the City of New York directed that all employees of the City of New York would be required to be vaccinated unless a religious exemption were to be accepted.

23. Thereafter, each plaintiff submitted a request for an exemption based upon their sincerely held religious beliefs based in Catholicism.

24. That without providing any reason, and based upon no evidence whatsoever, in November 2021, the defendants failed and refused to accept the religious exemptions sought by each of the plaintiffs.

25. Thereafter, and without cause, each plaintiff was placed on "leave without pay" until February 11, 2022.

26. That each plaintiff was terminated effective February 11, 2022.

27. That the defendants have no evidence that the plaintiffs' presence at work, or by working remotely from their homes in an unvaccinated state, posed any risk to any persons.

28. That the defendants failed and refused to offer to the plaintiffs a genuine reasonable accommodation, although a genuine reasonable accommodation was available to the plaintiffs.

29. That the plaintiffs were ready, willing and able to continue their duties by taking every safety precaution available to them.

30. That upon information and belief, other employees employed by the defendants, whose names are presently unknown, who refused to submit to the said vaccination were afforded reasonable accommodations based upon religious exemptions and as such were not discharged from employment with the defendants.

31. That the discharge of the plaintiffs was a pretext.

32. That the imposition of vaccine requirement was not neutral and was hostile to the religious beliefs of the plaintiffs, as it presupposed the illegitimacy of their religious beliefs and practices.

33 That the plaintiffs' discharge and the refusal by the defendants to offer to the plaintiffs a reasonable accommodation was premised upon their religious practices.

## AS AND FOR A FIRST CAUSE OF ACTION: VIOLATION OF PLAINTFFS' FEDERAL CIVIL RIGHTS

34.   The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "33" inclusive, as if set forth in full herein.

35. That the plaintiffs requested that they be provided reasonable accommodations as defined by law.

36. That the defendants' failure to provide reasonable accommodations to the plaintiffs was in violation of the plaintiffs' civil rights pursuant to 42 U.S.C. section 1983 et. seq.

37. That the action of the defendants, by its agents, servants and/or employees, in failing and refusing to offer reasonable accommodations to the plaintiffs was in further violation of the plaintiffs'

5

rights pursuant to: a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq.; b) the Free Exercise Clause of the Constitution of the United States; c) the Equal Protection Clause of the 14th amendment of the Constitution of the United States; d) and the First Amendment of the Constitution of the United States.

38. That by reason of the defendants' violation of the said statutes and constitutional provisions the plaintiffs have been caused to incur damages, including but not limited to loss of back pay, loss of front pay, loss of health care benefits, loss of pension benefits and other related benefits.

39. As a result of the aforementioned, the plaintiffs have been further caused to sustain personal and psychological injuries, including but not limited to depression, anxiety, emotional distress and the like.

40. That by reason of the aforementioned, each plaintiff has been in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

41. That in addition thereto the plaintiffs seek the recovery of interest, costs, disbursements and attorneys' fees as permitted by law.

## AS AND FOR A SECOND CAUSE OF ACTION: VIOLATIONS OF LAWS OF THE STATE OF NEW YORK

42. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" inclusive as if set forth in full herein.

43. That the causes of action asserted herein occurred exclusively within the State of New

York.

44. That by reason of the aforementioned actions of the defendants, by its agents, servants and/or employees the defendants have violated the plaintiffs' rights pursuant to New York State Executive Law section 296 et seq.

45. That by reason of the aforementioned each plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

46.   That in addition thereto each plaintiff seeks recovery of interest. costs, disbursements and attorneys' fees as permitted by law.


## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF LAWS OF THE CITY OF NEW YORK

47. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" inclusive as if set forth in full herein.

48. That the causes of action asserted herein occurred exclusively within the City of New York.

49. That by reason of the aforementioned actions of the defendants, by its agents, servants and/or employees the defendants have violated the plaintiffs' rights pursuant to the Administrative Code of the City of New York section 8-107 et seq.

50. That by reason of the aforementioned each plaintiff has been damages in the amount of

THREE MILLION ($3,000,000.00) DOLLARS.

51. That in addition thereto each plaintiff seeks recovery of interest, cost, disbursements and attorney's fees as permitted by law.

WHEERFORE each plaintiff demands judgment against the defendants as follows:

As and for the first cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a second cause of action the amount of THREE MILLION ($3,000,000.00) DOLLARS;

As and for a third cause of action in the amount of THREE MILLION ($3,000,000.00) DOLLARS;

Together with interest from February 11, 2022, cost, disbursements and attorneys' fees as permitted by law.

Dated: Woodmere, New York
        September 28, 2022

JAY M. WEINSTEIN (jw6064)

8

EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Vincenzo Lopes
93-20 Albert Road
Ozone Park, NY 11417

Issued On: 07/14/2022

Charge No: 16G-2022-01314

EEOC Representative and email:    Holly Shabazz
S/L Program Manager
HOLLY.SHABAZZ@EEOC.GOV

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party wishes to pursue matter in Federal District Court.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Judy Keenan
07/14/2022

Judy Keenan
District Director

Cc: NYC Office of the Comptroller
    Attn: General Counsel Office
    One Centre Street
    Suite 602
    New York NY 10007

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16G-2022-01314 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

EXHIBIT B



**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

<table>
<tr><td>

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

BARBARA CARRARO-JULES,

Complainant,

v.

OFFICE OF THE NEW YORK CITY
COMPTROLLER,

Respondent.

</td>
<td>

DETERMINATION AND
ORDER OF DISMISSAL FOR
ADMINISTRATIVE
CONVENIENCE

Case No.
10215379

</td></tr>
</table>

Federal Charge No. 16GC201250

On 1/27/2022, Barbara Carraro-Jules filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of age, creed, race/color, national origin, sex in violation of N.Y. Exec Law, art. 15 ("Human Rights Law").

Pursuant to Section 297.3 of the Human Rights Law, the Division finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s):

The Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

Section 297.9 of the Human Rights Law provides that:

... where the Division has dismissed such complaint on the grounds of the administrative convenience, ... such person shall maintain all rights to bring suit as if no complaint had been filed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and

Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458.  DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Age Discrimination in Employment Act (ADEA).  Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC).  You have the right to request a review by EEOC of this action.  To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112.  Otherwise, EEOC will generally adopt our action in your case.

Dated: April 6, 2022
       Albany, New York

STATE DIVISION OF HUMAN RIGHTS

By:  _____
       Victor P. DeAmelia
       Regional Director

- 2 -



**NEW YORK STATE** | **Division of Human Rights**

KATHY HOCHUL
Governor

MARIA L. IMPERIAL
Commissioner

April 6, 2022

Re:    Barbara Carrano-Jules v. Office of the New York City Comptroller
Case No.        10215379

To the Parties Listed Below:

PLEASE BE ADVISED that the above-listed complaint has been amended.  A copy of the amendment is enclosed herewith.

Very truly yours,

Victor P. DeAmelia
Regional Director

TO:

Barbara Carraro-Jules
3115 Avenue P
Brooklyn, NY 11234

Jay M. Weinstein, Esq.
503 Longacre Avenue
Woodmere, NY 11598

Office of the New York City Comptroller
Municipal Building, One Centre Street, Suite 530
New York, NY 10007

Krishna Nicole O'Neal
1 Centre Street, 6th Floor North
New York, NY 10007

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

BARBARA CARRANO-JULES,

                        Complainant,

              v.

OFFICE OF THE NEW YORK CITY
COMPTROLLER,

                        Respondent.

AMENDMENT TO
THE COMPLAINT

Case No. 10215379

Federal Charge No. 16GC201250

Pursuant to the provisions of § 297.4a of the Human Rights Law (Executive Law, Article 15) of the State of New York, and the New York State Division of Human Rights, Rules of Practice § 465.4, the complaint in the aforesaid proceeding is amended as follows:

The complainant name shall be amended as follows: **Barbara Carraro-Jules**

Dated: 4/6/2022 3:32:41 PM
      Albany, New York

                         STATE DIVISION OF HUMAN RIGHTS

By:     _Emma Marcucci_

               Emma Marcucci
               Office Assistant

File No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENZO LOPES and BARBARA CARRARO-JULES,

Plaintiffs,

-against-

CITY OF NEW YORK and OFFICE OF THE COMPTROLLER OF
THE CITY OF NEW YORK,

Defendants.

COMPLAINT

JAY M. WEINSTEIN, ESQ.
Attorney for Plaintiffs
503 Longacre Avenue
Woodmere, New York 11598-2307
(516) 569-2146

To:
Attorney for

Service of a copy of the within
is hereby admitted.
Dated:

Attorney for