UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENZO LOPES and BARBARA CARRARO-JULES,

                Plaintiffs,

-against-

CITY OF NEW YORK,

                Defendant.

22-CV-08271-LTS

---

MEMORANDUM ORDER[1]

Plaintiffs Vincenzo Lopes and Barbara Carraro-Jules ("Lopes" and "Carraro-Jules," and collectively, "Plaintiffs") bring this three-count action against the City of New York ("City" or "Defendant") and the Office of Comptroller of the City of New York ("Comptroller's Office").[2]  (Docket entry no. 6 ("Compl."); docket entry no. 23-2 ("Supp. Compl."[3]).)  Count One is a claim under 42 U.S.C. section 1983 alleging violations of the Free Exercise and Equal Protection Clauses of the Constitution of the United States, as well as

---

[1]     The Court's citations to page numbers reference the ECF-designated page numbers.

[2]     Plaintiffs concede that the Office of the Comptroller of the City of New York is not a suable entity.  (Docket entry no. 22 at 1.)  The Clerk of the Court is directed to change the case caption to <u>Lopes et al. v. City of New York</u>, as reflected above.  As such, this Order will refer to the defense as "Defendant" in the singular.

[3]     Although, as explained below, Plaintiffs' proffer of a supplemental complaint is procedurally improper, the Court has, in the interests of judicial economy and efficiency, considered its claims and allegations together with those of the properly filed complaint in determining this motion to dismiss the complaint for failure to state a claim upon which relief may be granted.  <u>See</u> <u>infra</u> n.4.

    The proposed Supplemental Complaint also fails to properly number its paragraphs, as it goes from paragraph 36, 37, 38, 37, 38, 39, . . . .  (Supp. Compl. at 5-6.)  This Memorandum Order cites to these paragraphs as 36, 37.1, 38.1, 37, 38, 39, . . . .

violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. section 2000e et seq. ("Title VII")) and the Occupational Safety and Health Acts (29 U.S.C. section 655 et seq. ("OSHA")). (Supp. Compl. ¶¶ 37.1-44.) Count Two alleges a violation of New York Executive Law section 296 et seq. ("NYSHRL"). (Id. ¶¶ 45-49.) Count Three alleges a violation of New York City Administrative Code section 8-107 et seq. ("NYCHRL"). (Id. ¶¶ 50-51.)

Defendant moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (Docket entry no. 19.) The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367. The Court has carefully reviewed the parties' submissions (docket entry no. 19-1 ("Def. Mem."); docket entry no. 22 ("Pls. Opp."); docket entry no. 24 ("Def. Reply")), and, for the following reasons, grants Defendant's motion to dismiss as to Count One, denies Plaintiffs' request for leave to supplement their Complaint under Rule 15(d), and declines to exercise supplemental jurisdiction of Plaintiff's non-federal claims, including those asserted in Counts Two and Three.

BACKGROUND

The following facts are drawn from Plaintiffs' proposed Supplemental Complaint, the well-pleaded allegations of which are taken as true for the purposes of this motion practice.[4]

---

4    In their opposition brief to Defendant's motion to dismiss opening brief, Plaintiffs request permission to supplement their Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. (Docket entry no. 22 at 4-5; docket entry no. 23-2.) A request to file a supplemental pleading under Rule 15(d) must, however, be made "[o]n motion." See also FED. R. CIV. P. 7(b) (requiring that a "request for a court order must be made by motion"). "[I]t is well-established that a party may not request this sort of relief in an opposition paper filed in response to an adversary's motion." Huseby, LLC v. Bailey, No. 20-CV-00167-JBA, 2021 WL 723319, at *4 n.2 (D. Conn. Feb. 24, 2021).

Plaintiffs are practicing members of the Catholic Church and were employed by the Bureau of Accountancy at the Comptroller's Office until February 11, 2022. (Supp. Compl. ¶¶ 13-14, 25.) On or about March 13, 2020, Plaintiffs were directed by their employer to work remotely from home until the end of October 2021. (Id. ¶¶ 16, 19.) During this time, Plaintiffs were "able to perform their required duties on behalf of the defendants." (Id. ¶ 20.)

In or about October 2021, the Mayor of the City required all City employees to be vaccinated unless a religious exemption were accepted (the "Vaccine Mandate"). (Id. ¶ 21.) While Plaintiffs do not specifically identify the regulation detailing the Vaccine Mandate, the Court takes judicial notice of the October 20, 2021 "Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain City Contractors." (Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain City Contractors (Oct. 20, 2021), available at https://perma.cc/B79T-JT68 (the "Vaccine Mandate").) The Vaccine Mandate required "all City employees," except certain uniformed Department of Corrections employees, to "provide proof" by October 29, 2021 that they have: "been fully vaccinated against COVID-19"; "received a single-dose COVID-19 vaccine, even if two weeks have not passed since they received the vaccine"; or "received the first dose of a two-dose COVID-19 vaccine." (Vaccine Mandate at 3.) The Vaccine Mandate also provided that "[n]othing in this Order shall be construed to prohibit any reasonable accommodation otherwise required by law." (Id. at 5.)

After the Vaccine Mandate was announced, Plaintiffs submitted applications for religious exemptions "based upon their sincerely held religious beliefs based in Catholicism." (Supp. Compl. ¶ 22.) Defendant denied these requests in or about November 2021. (Id. ¶ 23.) Shortly after these requests were denied, Plaintiffs were placed on leave without pay until they

were terminated on February 11, 2022.  (Id. ¶¶ 24-25.)  Plaintiffs assert, however, that other City employees were "afforded reasonable accommodations based upon religious exemptions," and were not terminated.  (Id. ¶ 29.)  Plaintiffs do not specifically identify the other employees or their "reasonable accommodations."  (Id.)

On or about February 10, 2023, the Vaccine Mandate was either repealed or amended by the Mayor of the City.  (Id. ¶ 33.)  Employees of the City are no longer required to be vaccinated.  (Id. ¶ 34.)  Plaintiffs allege that, despite the repeal of the Vaccine Mandate, they have not been rehired or allowed to return to their previous jobs.  (Id. ¶ 35.)  Plaintiffs further allege that, if they were rehired or reinstated, they would have to waive any rights to monetary damages they might have otherwise had.  (Id. ¶ 36.)

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content pleaded that "allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court accepts as true the nonconclusory factual allegations in the Complaint and draws all reasonable inferences in the Plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

Constitutional Claims

Invoking the civil action provisions of 42 U.S.C. section 1983, Plaintiffs claim that Defendant violated their civil rights under the Free Exercise and Equal Protection Clauses of the Constitution by failing "to provide reasonable accommodations."  (Supp. Compl. ¶¶ 37-38.)

Their sought-after accommodation was a "religious exemption[]" to the Vaccine Mandate. (Id. ¶¶ 29, 32.) As explained below, the proposed Supplemental Complaint fails to state any constitutional claim upon which relief may be granted.[5]

### Free Exercise Clause

Plaintiffs claim that Defendant violated their First Amendment right to the free exercise of religion by refusing to grant Plaintiffs' exemption requests. (Id. ¶¶ 37-38.) "The Free Exercise Clause [] protects an individual's private right to religious belief, as well as 'the performance of (or abstention from) physical acts that constitute the free exercise of religion.'" Kane v. De Blasio, 19 F.4th 152, 163-64 (2d Cir. 2021) (quoting Emp't Div., Dept. of Human Res. of Or. v. Smith, 494 U.S. 872, 877 (1990)). "This protection, however, 'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability.'" Id. (quoting Smith, 494 U.S. at 879). "Neutral and generally applicable laws are subject only to rational-basis review." Id. (citing Cent. Rabbinical Cong. of U.S. & Canada v. N.Y.C. Dep't of Health & Mental Hygiene, 763 F.3d 183, 193 (2d Cir. 2014)).

The Vaccine Mandate is neutral. It applies to "all City employees." See Kane, 19 F.4th at 164 (finding vaccine mandate that applied to "all DOE staff" to be neutral). Like the vaccine mandate upheld by the Second Circuit in Kane, the Vaccine Mandate here "does not single out employees who decline vaccination on religious grounds. Its restrictions apply equally to those who choose to remain unvaccinated for any reason." Id. Plaintiffs argue that the Vaccine Mandate was not neutral because it "presupposed the illegitimacy of their religious

---

[5] Plaintiffs' section 1983 claims also fail because they fail to plead a proper basis for holding the City, which is a municipality, liable for constitutional violations perpetrated by its employees. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

beliefs and practices" (Suppl. Compl. ¶ 31), but they fail to plead any facts in support of this conclusory allegation.

The Vaccine Mandate is also generally applicable. A law may not be generally applicable "if it invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions" or "if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." Kane, 19 F.4th at 164 (quoting Fulton v. City of Phila., Pa., 593 U.S. 522, 533 (2021)). Plaintiffs allege that "other employees employed by the defendants, whose names are presently unknown, who refused to submit to the said vaccination were afforded reasonable accommodations based upon religious exemptions and as such were not discharged from employment with the defendants." (Supp. Compl. ¶ 29.) This allegation, however, is conclusory—it fails to identify those individuals or even to identify the accommodations that were allegedly provided. Nor does the allegation show that the Vaccine Mandate "singles out religion for less favored treatment." Agudath Israel of Am. v. Cuomo, 983 F.3d 620, 632 (2d Cir. 2020). At most, it shows that the Vaccine Mandate favored one religion over another religion, which would not provide a proper basis for a Free Exercise challenge.

The Vaccine Mandate is neutral and generally applicable. See Kane, 19 F.4th at 164 ("The [similar Department of Education] Vaccine Mandate, in all its iterations, is neutral and generally applicable."). Therefore, it is subject to rational basis review. Id. at 166. "Rational basis review requires the City to have chosen a means for addressing a legitimate goal that is rationally related to achieving that goal." Id. at 166. The Vaccine Mandate "plainly satisfies" rational basis review because the vaccine requirement was "a reasonable exercise of the State's power to act to protect the public health." Id. at 167 (collecting cases holding the same).

Plaintiffs do not challenge the legitimacy of the government's interest in protecting public health nor do they argue that the means of requiring vaccinations was not rationally related to this interest.

For their part, Plaintiffs point to the fact that the Vaccine Mandate was repealed or amended in February 2023 and that City employees are no longer required to be vaccinated. (Pls. Opp. at 10; Supp. Compl. ¶¶ 33-34.) Plaintiffs claim this change in the Vaccine Mandate was "nothing more than a continuation of the religious harassment by the Defendant" and that this change "reflects the true lack of neutrality with regard to the original Mandate." (Pls. Opp. at 10-11.) Plaintiffs do not, however, allege any facts demonstrating any such harassment or lack of neutrality. Accordingly, Plaintiffs' further allegations regarding the change in the Vaccine Mandate do not sustain their Complaint.

Equal Protection Clause

Plaintiffs also claim that Defendant violated their rights under the Equal Protection Clause of the Fourteenth Amendment by refusing to grant Plaintiffs' exemption requests. (Supp. Compl. ¶¶ 37-38.) To maintain an equal protection claim, Plaintiffs must establish: "adverse treatment of individuals compared with other similarly situated individuals [and that] such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Miner v. Clinton Cnty., N.Y., 541 F.3d 464, 474 (2d Cir. 2008).

Plaintiffs allege that other employees were granted religious exemptions. (Supp. Compl. ¶ 29.) As explained above, however, this allegation is merely conclusory. Supra p. 6. Furthermore, it suggests no adverse treatment "based on" religion. Miner, 541 F.3d at 474. If anything, the allegation shows the opposite—that some individuals were treated favorably based on religion. Plaintiffs also allege that their termination was "pretext[ual]" and Defendant was

"hostile" to their religious beliefs. (Supp. Compl. ¶¶ 30-31.) Again, these allegations are merely conclusory and are insufficient to state a claim upon which relief may be granted.

Plaintiffs' Equal Protection Clause claim mirrors their Free Exercise Clause claim. As the Second Circuit stated in Kane, "[w]hen a free exercise challenge fails, any equal protection claims brought on the same grounds are subject only to rational-basis review. . . . Plaintiffs' Equal Protection Clause challenge to the [Vaccine] Mandate fares no better than their First Amendment challenge." Kane v. De Blasio, 19 F.4th 152, 167 n.14 (2d Cir. 2021) (citations omitted).

Title VII Claims

Plaintiffs also assert Title VII employment discrimination claims, alleging that Defendant's refusal to accept Plaintiffs' exemption requests and Defendant's failure to provide "reasonable accommodations" constituted religious discrimination. (Supp. Compl. ¶ 38.) Plaintiffs also allege that their termination was "pretext[ual]" and that Defendant was "hostile" to their religious beliefs. (Id. ¶¶ 30-31.)

As a threshold matter, Plaintiffs have waived their Title VII claims by failing to respond to the arguments made by Defendant in its opening papers. (Def. Mem. at 5-7; Def. Reply at 5); Felske v. Hirchmann, No. 10-CV-8899-RMB, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A Plaintiff effectively concedes a defendant's arguments by his failure to respond to them.").

Waived or not, Plaintiffs' allegations, which are largely conclusory, are insufficient to state a viable claim. Title VII prohibits an employer from discriminating "against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). At the pleading stage of a discriminatory treatment action, the claim "must be plausibly supported by facts alleged in the complaint [showing] . . . [(1)] that the plaintiff is a member of a protected

class, [(2)] was qualified, [(3)] suffered an adverse employment action, and [(4)] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)).  Plaintiffs here fail to plead the fourth element sufficiently—they proffer no facts and only conclusorily allege that "the discharge of the plaintiffs was a pretext" and that "the imposition of the [Vaccine Mandate] was not neutral and was hostile to the religious beliefs of the plaintiffs." (Supp. Compl. ¶¶ 30-31.) To the extent Plaintiff's complaint may be construed to raise a claim that the Vaccine Mandate had an adverse disparate impact on them as adherents of the Catholic faith, their complaint fails to state a claim because they fail to proffer even minimal facts suggesting any religion-based disparity in application of the Vaccine Mandate.

Finally, Plaintiffs assert that Defendant violated Title VII by failing to provide a reasonable accommodation of their religious belief.  "Title VII of the Civil Rights Act of 1964 requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" Groff v. DeJoy, 600 U.S. 447, 453-54 (2023) (quoting 42 U.S.C. § 2000e(j)).  As an initial matter, there is a distinction between the terms "accommodation" and "exemption."  Conde v. Mid Hudson Reg'l Hosp. Med. Ctr., No. 22-CV-3085-VB, 2024 WL 168282, at *7 (S.D.N.Y. Jan. 12, 2024). Although Plaintiffs use the term "accommodation" throughout their Complaint, what Plaintiffs allege was requested and denied were "exemptions" from the vaccine mandate.  (Supp. Compl. ¶¶ 21-23, 29); see Conde, 2024 WL 168282, at *7.  Plaintiffs do not allege that they "ever explicitly sought [] an accommodation, rather than a blanket exemption." Conde, 2024 WL 168282, at *8.  Title VII does not require employers to grant a "blanket religious exemption allowing [employees] to continue working at their current positions unvaccinated," as Plaintiffs

requested here.  We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 292 (2d Cir.), opinion clarified, 17 F.4th 368 (2d Cir. 2021).  "Put differently, plaintiff's request for a religious exemption to [the Vaccine Mandate] was not a request for a reasonable accommodation within the meaning of Title VII."  Conde, 2024 WL 168282, at *7.  Accordingly, Plaintiffs' failure-to-accommodate claim—like their other Title VII theories—fails.

OSHA Claim

Plaintiffs contend that the Vaccine Mandate violates OSHA.  (Supp. Compl. ¶ 40; Pls. Opp. at 8-10.)  Plaintiffs' do not clearly elucidate the basis of this challenge.  Instead, in their "best effort to articulate" this claim (Pls. Opp. at 5), Plaintiffs conclusorily allege in their proposed Supplemental Complaint that the Vaccine Mandate is preempted by OSHA and seek to rely on the pleadings in the case captioned Women of Color for Equal Justice v. City of New York, No. 22-CV-2234 (E.D.N.Y.), No. 22-3065 (2d Cir.), and arguments raised therein.  (Supp. Compl. ¶ 40; docket entry no. 23-1 (proffering pleadings filed in the Women of Color case).)

The plaintiffs in Women of Color sought a preliminary injunction against the Vaccine Mandate, arguing that the Supremacy Clause and OSHA are "inconsistent with, and preempt," the Vaccine Mandate.  Women of Color for Equal Just. v. City of New York, No. 22-CV-2234-EK-LB, 2022 WL 17083109, at *2 (E.D.N.Y. Nov. 18, 2022).  Plaintiffs here appear to make the same argument, asserting that the Vaccine Mandate violates OSHA because "it is within the exclusive jurisdiction of the Secretary of OSHA to set safeguards for health and safety employees in places of business."  (Supp. Compl. ¶ 40.)  Women of Color rejected this claim because neither the Supremacy Clause nor OSHA provides a private right of action.  Id. (citing Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 324-25 (2015); Donovan v. Occupational Safety & Health Rev. Comm'n, 713 F.2d 918, 926 (2d Cir. 1983)).

After the Women of Color decision, plaintiffs in that case made an application to the Supreme Court for an emergency stay pending appellate review, which the Supreme Court summarily denied.[6] Women of Color for Equal Just. v. City of New York, No. 22A921, 2023 WL 5728522, at *1 (U.S. Apr. 25, 2023).  In support of their arguments here, Plaintiffs refer to the Women of Color plaintiffs' unsuccessful brief to the Supreme Court.  (Docket entry no. 23-1.) None of the arguments raised in that brief, however, is availing.  It is well established that neither the Supremacy Clause nor OSHA provides a private right of action.  Armstrong, 575 U.S. at 324-25 ("It is . . . apparent that the Supremacy Clause is not the source of any federal rights and certainly does not create a cause of action."); Donovan, 713 F.2d at 926 ("Under OSHA, employees do not have a private right of action.").

Plaintiffs' Request to Supplement their Complaint

Finally, Plaintiffs seek to supplement their Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, which "permit[s] a party[, with leave of court,] to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  FED. R. CIV. P. 15(d).  Plaintiffs' request is procedurally improper because a request to file a supplemental pleading under Rule 15(d) must be made "[o]n motion."  Id.; see also Fed. R. Civ. P. 7(b) (requiring that a "request for a court order must be made by motion").  Here, Plaintiffs made their request in their opposition brief to Defendant's motion to dismiss opening brief.  (Pls. Opp. at 4-5; docket entry no. 23-2.)  "[I]t is well-established that a party may not request this sort of relief in an opposition paper filed in

---

[6] The plaintiffs in Women of Color also appealed the district court's decision to the Second Circuit but voluntarily withdrew that appeal on May 26, 2023.  Women of Color for Equal Justice v. City of New York, No. 22-3065 (2d Cir.), Docket entry no. 71.

response to an adversary's motion."  Huseby, LLC v. Bailey, No. 20-CV-00167-JBA, 2021 WL 723319, at *4 n.2 (D. Conn. Feb. 24, 2021).

Plaintiffs' request is denied as procedurally improper, and they will not be permitted to renew it properly because the proffered supplementation would be futile.  "Leave to supplement a complaint may be denied as futile when the new complaint 'would fail to state a cause of action.'"  Nat'l Credit Union Admin. Bd. v. HSBC Bank US, Nat'l Ass'n, 331 F.R.D. 63, 70 (S.D.N.Y. 2019) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000)).  Plaintiffs' proposed Supplemental Complaint, which the Court has considered in analyzing this motion, proffers two new allegations—both of which are futile.

First, Plaintiffs allege that the Vaccine Mandate was amended or repealed in February 2023 and that City employees are no longer required to be vaccinated.  (Supp. Compl. ¶¶ 33-36.)  In support of their Free Exercise claim, Plaintiffs argue that the repeal of the Vaccine Mandate "reflects the true lack of neutrality with regard to the original Mandate."  (Pls. Opp. at 10-11.)  For the reasons explained above, this argument is without merit.  Supra p. 7.  Furthermore, to the extent Plaintiffs allege that the repeal of the Vaccine Mandate violated their federal rights, Plaintiffs lack standing to assert such a claim.  An "injury in fact" sufficient to establish standing must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'"  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).  Plaintiffs fail to meet this bar.  The proposed Supplemental Complaint is bereft of any allegation that the repeal of the Vaccine Mandate affected them in any way.  Plaintiffs are no longer City employees, and there are no allegations that they sought to be rehired or reinstated.

Plaintiffs second supplemental allegation is that the Vaccine Mandate violated OSHA. (Supp. Compl. ¶¶ 1, 39-40.) As explained above, this argument is also without merit. Supra pp. 10-11.

Accordingly, Plaintiffs' request to file a supplemental complaint is denied.

Counts Two and Three

Because all of Plaintiffs' federal claims are dismissed, the Court declines, pursuant to 28 U.S.C. section 1367, to exercise supplemental jurisdiction over Plaintiffs' non-federal claims (Counts Two and Three of the Complaint).[7] See also Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Count One of the Complaint is granted, Plaintiffs' request to supplement their Complaint is denied, and the Court declines to exercise supplemental jurisdiction of Plaintiffs' non-federal claims. This

---

[7] Although no such theory is pleaded in their complaint, Plaintiffs assert in their opposition papers that the Vaccine Mandate violates New York Public Health Law section 206(1) because "employers have no authority whatsoever to mandate immunizations for adults" under that statute. (Pls. Opp. at 8.) Whether or not this claim was properly pleaded, the Court declines to exercise supplemental jurisdiction over this claim.

Memorandum Order resolves docket entry nos. 6 and 19.  The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

Dated: New York, New York
       August 27, 2024

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge